16-1283-cv
*Brodsky v. Carter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MERYL BRODSKY, Elect Meryl Brodsky to the New York City Council 2005,

    *Plaintiff-Appellant*,

    v.    16-1283-cv

ZACHARY CARTER, Corporation Counsel for the City of New York, on behalf of the New York City Campaign Finance Board,

    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: Meryl Brodsky, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:	Fay Sue Ng and Jonathan A. Popolow, New York City Law Department, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Meryl Brodsky, proceeding *pro se*, brought claims against the New York City Campaign Finance Board (the "Board") under federal and state law, seeking compensatory damages for the Board's garnishment of her shares in Exxon Mobil stock, which a state court had ordered to satisfy the Board's monetary judgment against her for her failure to repay campaign funds. Specifically, Brodsky argued the Board violated 42 U.S.C. § 1983 by singling her out for "oppressive enforcement" of the Campaign Finance Act in retaliation for her participation in an unrelated lawsuit against the Board. She also argued that the Board violated 18 U.S.C. § 371 (a federal criminal statute prohibiting conspiracy) and provisions of the Internal Revenue Code ("IRC") by, *inter alia*, attempting to obtain her tax return records from her accountant. The district court dismissed her § 1983 claims as time barred, her claim under 26 U.S.C. § 6103 -- a provision of the IRC for a violation of which Congress has

2

expressly provided a private cause of action -- for failure to state a claim, and her remaining claims under the IRC and § 371 for lack of a private cause of action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, we consider *sua sponte* whether the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction over Brodsky's § 1983 claims. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). Under *Rooker-Feldman*, federal courts lack subject matter jurisdiction over claims that in effect challenge state court judgments. *Id*. (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). *Rooker-Feldman* bars federal review of claims when four requirements are met: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The doctrine extends to bar § 1983 claims that are framed to challenge the validity of a state court judgment. *See McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (holding that *Rooker-Feldman* barred an "as-applied" due process challenge to a state statute). A plaintiff cannot escape *Rooker-Feldman* simply by relying on a legal

theory not raised in state court; in determining whether the doctrine applies, the key inquiry is whether the complaint alleges an injury caused by a state court judgment. *Hoblock*, 422 F.3d at 87; *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007) ("[T]he applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims . . . but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court.").

Upon review, we conclude that the *Rooker-Feldman* requirements are met with respect to Brodsky's § 1983 claims. First, Brodsky lost in state court when the New York Supreme Court determined she was required to pay the Board approximately $35,000, and lost again when the state court ordered the garnishment of her Exxon Mobil shares to satisfy the remainder of the judgment. Second, in the instant case, Brodsky sought damages for the value of her garnished Exxon Mobil shares, thus complaining of injuries directly caused by the state court judgment. Third, by seeking the value of her garnished shares, Brodsky was asking the federal district court to review and reject the state court's order that permitted the Board to garnish those shares. Fourth, the relevant state court decisions were rendered before Brodsky commenced her federal action. For these reasons, we affirm the district court's dismissal of Brodsky's § 1983 claims on the alternative basis that the district court lacked subject matter jurisdiction over those claims. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm

4

. . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely.").

*Rooker-Feldman*, however, did not bar Brodsky's remaining claims, which she brought under § 371 and various provisions of the IRC, including § 6103. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review *de novo* whether a plaintiff has a cause of action under a statute -- that is, statutory standing. *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357-58 (2d Cir. 2016).

To state a claim, a plaintiff must have a cause of action, or "statutory standing," under the relevant statutes. *Id.* at 359. Section 371 -- a federal criminal statute concerning conspiracy -- does not provide a private cause of action. Nor, with the exception of § 6103, do the various provisions of the IRC on which Brodsky relied. *See Salahuddin v. Alaji*, 232 F.3d 305, 308-09 (2d Cir. 2000) (a private individual may bring suit under a federal statute only if Congress created a private cause of action). Although §§ 6103 and 7431, in tandem, provides a private cause of action for certain unlawful disclosures of tax returns or return information as designated by § 6103, *see* 26 U.S.C. §§ 6103, 7431(a)(2), here, Brodsky has not alleged that any individual in fact

5

unlawfully disclosed her tax returns or return information. Instead, she alleges only that the Board served a subpoena on her accountant seeking to require him to disclose her tax returns. On July 9, 2010, however, a state court ruled that Brodsky's accountant was not required to produce her returns. Hence, Brodsky has not alleged any conduct prohibited by § 6103.

We have considered Brodsky's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk